Lundberg Stratton, J.,
concurring.
*361 Doran & Murphy, L.L.P., Christopher M. Murphy, and Michael L. Torcello; and Mary Brigid Sweeney Co., L.L.P., and Mary Brigid Sweeney, for appellees.
Burns, White & Hickton, L.L.C., David A. Damico, Ira L. Podheiser, and Megan L. Zerega, for appellants.
Gallagher Sharp, Kevin C. Alexandersen, Colleen A. Mountcastle, and Holly M. Olarczuk-Smith, urging reversal for amicus curiae, Grand Trunk Western Railroad, Inc.
{¶ 12} I concur. However, I write separately to address the argument of appellants and amicus curiae that severing non-asbestos claims would overburden the asbestos docket and undermine judicial economy. They contend that litigating non-asbestos claims on the already overloaded asbestos docket would thwart the purpose of H.B. 292, which was intended to expedite asbestos cases.
{¶ 13} The adjudication of the non-asbestos claims is a matter best decided at the local level. Once the non-asbestos claims have been severed from the asbestos claims, the local court should determine whether the non-asbestos claims may be adjudicated on the asbestos docket or should be transferred to the court’s general docket. I believe that this is a matter of docket control that is best left to court administration at the local level.
O’Connor, O’Donnell, and Lanzinger, JJ., concur in the foregoing opinion.